THOMAS, Chief Judge,
dissenting:
Although the ALJ’s findings that Dor-rell’s depression was not severe enough to prevent her from working was supported by substantial evidence and free from legal error, the ALJ did not explain the decision to exclude Dorrell’s migraine headaches from the limitations in the residual functional capacity in spite of evidence in the medical records indicating that Dorrell had severe migraine headaches. This failure to provide a reasoned basis for rejecting two treating physicians’ opinions regarding Dorrell’s headaches constituted legal error. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (“[T]he Commissioner must provide ‘clear and convincing reasons’ for rejecting the uncontradicted opinion of an examining physician.”). Furthermore, unless a reviewing court can “confidently conclude that no reasonable ALJ, when fully crediting- the testimony, could have reached a different disability determination,” the error cannot be harmless. Stout v. Comm’r of Soc. Sec., 454 F.3d 1050, 1056 (9th Cir. 2006). Indeed, the error was not harmless here.
Therefore, I respectfully dissent.